UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Cheryl Moran, *Plaintiff*, v. Embark Card Services, LLC, Experian Information Solutions, Inc., Equifax Information Services, LLC, and Trans Union, LLC *Defendants*. | No. 25 CV 6017 Judge Lindsay C. Jenkins |

**MEMORANDUM OPINION AND ORDER**

Cheryl Moran brings claims under the Federal Credit Reporting Act ("FCRA") against Embark Card Services, LLC ("Embark"), as well as against three credit reporting agencies: Experian Information Solutions, Inc. ("Experian"), Equifax Information Services, LLC ("Equifax"), and Trans Union, LLC ("Trans Union") (collectively, "CRA Defendants"). Before the court is the CRA Defendants' joint motion to dismiss Counts Three through Fourteen of Moran's complaint for failure to state a claim under Rule 12(b)(6). [Dkt. 29].[1] The motion is granted.

## I. Background

To decide the motion to dismiss, the court accepts as true all well-pleaded allegations set forth in Plaintiff's complaint and draws all reasonable inferences in her favor. *Thomas v. Neenah Joint Sch. Dist.*, 74 F.4th 521, 522 (7th Cir. 2023).

Moran held an Embark Premier American Express credit card, which allowed her to earn cash-back rewards on qualifying purchases. [Dkt. 1 ¶ 17–18].[2] According to Moran's complaint, Embark's terms and conditions stated it "reserve[d] the right to auto-redeem all or a portion of [her] cash back balance and apply them towards [her] balance on the Card" should she become delinquent on payments. [*Id.* ¶ 19]. When Moran stopped making payments on the card in March 2024, she owed a balance of $225 but had earned $200 in cash-back rewards. [*Id.* ¶ 20–21]. In August

---

[1] Citations to docket filings generally refer to the electronic pagination provided by CM/ECF, which may not be consistent with page numbers in the underlying documents.
[2] The following factual allegations are taken from the Complaint [Dkt. 1] and are accepted as true for the purposes of the motion. *Smith v. First Hosp. Lab'ys, Inc.*, 77 F.4th 603, 607 (7th Cir. 2023). In setting forth the facts at the pleading stage, the court does not vouch for their accuracy. *See Goldberg v. United States*, 881 F.3d 529, 531 (7th Cir. 2018).

1

2024, Moran viewed her credit reports and learned that Embark had closed the account, charged off the balance of $225, and reported that amount (rather than the difference of $25) to CRA Defendants. [*Id.* ¶ 23–24].

Moran alleges that this was incorrect because Embark should have credited the balance owed with her cash-back rewards. [*Id.* ¶ 24]. Between August and December 2024, Moran filed disputes with Equifax, Experian, and Trans Union, who each forwarded the dispute and unspecified supporting documents to Embark for verification. [*Id.* ¶ 28–31]. Embark reported back to CRA Defendants that the information was accurate and should remain unchanged on her credit reports. [*Id.* ¶ 32]. In December 2024, Moran initiated a second dispute process with Equifax and Experian. [*Id.* ¶ 33–34]. Embark again reported back that the balance was accurate. [*Id.* ¶ 35–38].

Moran filed this lawsuit against Embark under § 1681s-2(b) of the FCRA, for furnishing false information to the CRAs. She also sued Experian, Equifax, and Trans Union, alleging negligent and willful violations of §§ 1681e(b) and 1681i(a). The CRA Defendants have jointly moved to dismiss all claims against them under Federal Rule of Civil Procedure 12(b)(6).

## II. Legal Standard

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a plaintiff's claims. To survive a motion to dismiss under Rule 12(b)(6), "a complaint's factual allegations 'must be enough to raise a right to relief above the speculative level.'" *Emerson v. Dart*, 109 F.4th 936, 941 (7th Cir. 2024) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Although the court takes well-pleaded factual allegations as true, conclusory allegations are insufficient to avoid dismissal. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III. Analysis

The FCRA imposes related but distinct duties on furnishers and CRAs, "consistent with their respective roles in the credit reporting market." *Denan v. Trans Union LLC*, 959 F.3d 290, 294 (7th Cir. 2020). Furnishers such as Embark provide consumer data to CRAs, and the CRAs report that information on a consumer's credit report. *Id.* The FCRA requires furnishers to provide "accurate information" to the CRAs. 15 U.S.C. § 1681s-2(a); *see Chuluunbat v. Experian Info. Sols., Inc.*, 4 F.4th 562, 566 (7th Cir. 2021). Meanwhile, CRAs must "'follow reasonable procedures to assure maximum possible accuracy' of information in credit reports," § 1681e(b), and, should a consumer dispute "the completeness or accuracy of any item of information contained in" a credit report, they must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate." § 1681i(a)(1)(A). However, a CRA "is not automatically liable even if the consumer proves that it prepared an inaccurate credit report because the FCRA does not make reporting

2

agencies strictly liable for all inaccuracies." *Sarver v. Experian Info. Sols.*, 390 F.3d 969, 971 (7th Cir. 2004).

Under both §§ 1681e(b) and 1681i(a) of the FCRA, a CRA's liability "depends on inaccurate information—if the credit report is accurate, the consumer has suffered no damages." *Chaitoff v. Experian Info. Sols., Inc.*, 79 F.4th 800, 811 (7th Cir. 2023); *see Chuluunbat*, 4 F.4th at 567 ("A threshold requirement for claims under both sections is that there must be an inaccuracy in the consumer's credit report."). Although the statute does not define "accuracy," the Seventh Circuit distinguishes between "factual inaccuracies," which CRAs are obligated to investigate, and "legal inaccuracies," which fall beyond what CRAs are competent and required to investigate. *Denan*, 959 F.3d at 294. Factual inaccuracies can be verified without requiring legal interpretation. *See Chuluunbat*, 4 F.4th at 568 (listing as examples "the amount a consumer owes, and what day a consumer opened an account or incurred a payment"). Legal inaccuracies, on the other hand, require legal interpretation or adjudication. *See, e.g., Denan*, 959 F.3d at 295 (whether a debt is legally valid); *Grenadyor v. Discovery Fin. Servs.*, No. 1:23-CV-01198, 2024 WL 1254572, at *3 (N.D. Ill. Mar. 25, 2024) (same); *Thornton v. Experian Info. Sols., Inc.*, No. 24 CV 624, 2025 WL 1951743, at *3 (N.D. Ill. July 16, 2025) (whether a contract was void, whether the plaintiff's parent could make him jointly liable for an account, and whether the contract was ratified when the plaintiff reached the age of majority).

### 1. Violation of § 1681e(b)

The FCRA requires CRAs to follow "reasonable procedures to assure maximum possible accuracy" in preparing credit reports, 15 U.S.C. § 1681e(b), but it does not require "unfailing accuracy." *Denan*, 959 F.3d at 294–95; *see also Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994) ("A credit reporting agency is not liable under the FCRA if it followed 'reasonable procedures to assure maximum possible accuracy,' but nonetheless reported inaccurate information in the consumer's credit report."). While furnishers must provide to the CRAs information that "correctly [r]eflects . . . liability for the account," 12 C.F.R. § 1022.41(a), the FCRA does not "impose a comparable duty upon consumer reporting agencies, much less a duty to determine the legality of a disputed debt." *Denan*, 959 F.3d at 294–95.

Moran argues the reporting of an overstated balance is a factual dispute that should survive dismissal because she is "challenging the amount of the alleged debt" rather than her "legal duty . . . to pay the debt" or her "legal obligations over when, how, or why that debt is owed." [Dkt. 36 at 4–5]. Courts have indeed held that "factually inaccurate" information for purposes of the FCRA may include "inaccurate amounts, tradeline items not immediately removed once vacated, and inaccurately updated loan terms." *Rodas v. Experian Info. Sols., Inc.*, 2020 WL 4226669, at *2 (N.D. Ill. July 23, 2020) (*citing Zahran v. TransUnion Corp.*, 2003 WL 1733561, at *4 (N.D. Ill. Mar. 28, 2003)).

3

Here, however, the specific amount of debt owed presents at best a mixed question of law and fact "that would require the CRA Defendants to go beyond the documentation provided by the furnisher to determine the legal accuracy" of the amount owed. *Chuluunbat v. Cavalry Portfolio Servs.*, LLC, No. 20 C 164, 2020 WL 4208106, at *3 (N.D. Ill. July 22, 2020), *aff'd sub nom. Chuluunbat*, 4 F.4th 562 (explaining that because "ownership of the Debt at issue [is] a mixed question of law and fact, any inaccuracy relating to the Debt's ownership is a legal inaccuracy and not a factual one"). Where a "factual question is so closely intertwined with legal questions, 'the power to resolve [them] exceeds the competencies of consumer reporting agencies.'" *Id.* (quoting *Denan*, 959 F.3d at 295.)

That is the case here. Although Moran superficially contests the amount of debt she owed, whether the reported amount was accurate inextricably turns on whether Embark should have applied her cash-back balance first. Answering that question requires legal interpretation of the underlying contract between Moran and Embark, which the CRAs are "neither qualified nor obligated" to do. *Denan*, 959 F.3d at 297. In this way, her argument that "no legal analysis is necessary [because] the documents showed the existence and value of the Cash Back Rewards and Embark's policy on redemption," falls flat. [Dkt. 36 at 4.] Even accepting as true that Moran furnished the relevant Embark documents to the CRAs concerning the redemption policy, these documents together do not show that the debt balance was overstated because the CRAs cannot adjudicate whether Embark's terms and conditions *required* it to apply her cash-back rewards toward the overall balance. Moran has therefore not met the threshold for asserting violations of § 1681e(b) against the CRA defendants, and Counts Five, Six, Nine, Ten, Thirteen, and Fourteen are dismissed.

### 2. Violation of § 1681i(a)

Moran's § 1681i(a) claims fail for similar reasons. When a consumer disputes the "accuracy of any item of information" contained in a credit report, CRAs must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate." 15 U.S.C. § 1681i(a)(1)(A). As with a § 1681e(b) claim, a consumer "must prove that something in [her] credit report was inaccurate, or at least misleading, to show that [a CRA defendant] failed to reasonably reinvestigate under 15 U.S.C. § 1681i." *Johnson v. Trans Union, LLC*, 524 F. App'x 268, 270 (7th Cir. 2013). And, as with a § 1681e(b) claim, the Seventh Circuit has interpreted "inaccurate information under § 1681i to mean factually inaccurate information, as consumer reporting agencies are neither qualified nor obligated to resolve legal issues." *Denan*, 959 F.3d at 296. Rather, "a consumer disputing the legal validity of a debt that appears on her credit report should first attempt to resolve the matter directly with the creditor or furnisher, which stands in a far better position to make a thorough investigation of a disputed debt than the CRA does on reinvestigation." *Id.* at 297 (quoting *Carvalho*, 629 F.3d at 892) (internal quotation marks omitted); *see also* § 1681s-2(b) (describing the duties of furnishers upon notice of a dispute).

4

Here, because Moran's complaint has not pled a factual inaccuracy, no reinvestigation by the CRAs could have uncovered an inaccuracy within the meaning of § 1681i(a). *See Denan*, 959 F.3d at 297. Conducting reasonable reinvestigations to comply with § 1681i(a) does require more of CRAs than "merely parroting information," *Cushman v. Trans Union Corp.*, 115 F.3d 220, 225 (3d Cir. 1997), but the cases that Moran relies on are distinguishable: they involve identity fraud or an evident clerical error that could be discovered through a reinvestigation, rather than a contractual disagreement with the furnisher requiring legal interpretation. *E.g.*, *Henson*, 29 F.3d 280; *Stevenson v. TRW, Inc.*, 987 F.2d 288 (5th Cir. 1993).

The duties set forth by § 1681i(a) are therefore inapplicable, and Counts Three, Four, Seven, Eight, Eleven, and Twelve are dismissed.

### IV. Conclusion

The motion to dismiss is granted. Counts Three through Six (violations of §§ 1681i(a) and 1681e(b) of the FCRA as to Experian), Counts Seven through Ten (as to Equifax), and Counts Eleven through Fourteen (as to Trans Union) are dismissed. The court is skeptical that Moran's claims can be amended consistent with Rule 11 and this order, but it cannot say with absolute certainty that amendment would be futile, so it grants Moran leave to amend. *See Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022). Otherwise, the dismissal will convert to one with prejudice.

Enter: 25 CV 6017
Date: October 2, 2025

Lindsay C. Jenkins
United States District Court Judge